IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MR. SCOTT JEFFREY MELNICK,    :
               :
        Plaintiff,   :   CIVIL ACTION NO. 14-3066
               :
    v.           :
               :
BAUMANN'S ANTIQUES & CANDLES,  :
               :
        Defendant.  :

## MEMORANDUM OPINION

Smith, J.                October 24, 2014

   This matter is one of 29 cases filed by the plaintiff *pro se*, Mr. Scott Jeffrey Melnick, in which he is attempting to collect hundreds of millions of dollars based on alleged contracts by which he provided advice to various individuals and entities as to how to win the lottery.[1]  For the reasons set forth below, the court will order the plaintiff to show cause why the court should not dismiss the complaint in this case for (1) lack of subject-matter jurisdiction or (2) lack of timely service of process under Rule 4(m) of the Federal Rules of Civil Procedure.

---

[1] The plaintiff has filed 28 other actions in which he essentially alleges that (1) he expressly or impliedly entered into agreements with various individuals and entities through which he would provide them with guidance as to how to win the lottery, or (2) individuals or entities improperly obtained and used his advice as to how to win the lottery. *See* Civ. Action Nos. 5:14-cv-2855 (*Melnick v. The White House, et al.*), 5:14-cv-2856 (*Melnick v. Krotchta, et al.*), 5:14-cv-2857 (*Melnick v. Melnick, et al.*), 5:14-cv-3058 (*Melnick v. Knopf Automotive*), 5:14-cv-3060 (*Melnick v. The Dulski, et al.*), 5:14-cv-3062 (*Melnick v. Voitus*), 5:14-cv-3063 (*Melnick v. PNC Fin. Servs. Grp./Chex Sys., Inc., et al.*), 5:14-cv-3064 (*Melnick v. Hunan Springs*), 5:14-cv-3065 (*Melnick v. The Estate of Mr. James Leuth*), 5:14-cv-3067 (*Melnick v. The Am. Detective Agency*), 5:14-cv-3068 (*Melnick v. Jaindl*), 5:14-cv-3069 (*Melnick v. Dellinger, et al.*), 5:14-cv-3070 (*Melnick v. Lehigh Pizza*), 5:14-cv-3071 (*Melnick v. Segel*), 5:14-cv-3072 (*Melnick v. Suoboda, et al.*), 5:14-cv-3073 (*Melnick v. Ueichert Commercial Brokerage*), 5:14-cv-3074 (*Melnick v. CNBC Studio*), 5:14-cv-3075 (*Melnick v. Weil Antique Ctr.*), 5:14-cv-3081 (*Melnick v. Alercia, et al.*), 5:14-cv-3083 (*Melnick v. Wells Fargo Bank, et al.*), 5:14-cv-3084 (*Melnick v. Young's Cleaners*), 5:14-cv-3085 (*Melnick v. Sulderits, et al.*), 5:14-cv-3086 *Melnick v. Dellisant, et al.*), 5:14-cv-3087 (*Melnick v. Ciappina, et al.*), 5:14-cv-3206 (*Melnick v. China House Rest.*), 5:14-cv-3207 (*Melnick v. Temple Beth El*), 5:14-cv-3208 (*Melnick v. Scott*), 5:14-cv-5631 (*Melnick v. Cole Haan*).  The plaintiff appears to have paid the filing fee for each of the aforementioned actions.

   The court has not relied on the allegations in the above cases or the dispositions in those cases in analyzing the issues discussed in this memorandum opinion.  The court references the cases only for contextual purposes.

**I.      SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY**

The plaintiff commenced this action against the defendant, Baumann's Antiques & Candles, by filing a complaint on May 29, 2014.  *See* Doc. No. 1.[2]  In the complaint, the plaintiff alleges that he lives in Allentown, Pennsylvania, and the defendant has an address in Childs, Pennsylvania.  *See* Compl. at 1-2.  The plaintiff asserts that the court has federal-question jurisdiction over this case under 28 U.S.C. § 1331 insofar as the following federal constitutional, statutory or treaty rights are at issue:  "Embezzlement, Theft of Service, Identity Theft, [and] Conspiracy to defraud."  *Id.* at 2.

Regarding the factual allegations in support of the plaintiff's purported claims, the complaint is confusing and it is difficult for the court to ascertain precisely what the plaintiff is asserting with regard to the named defendant in this case.[3]  It appears that the plaintiff visited the defendant business on three occasions to contract with a Mrs. Baumann about a way to win a lottery.  *Id.* at 3.  Apparently, Mrs. Baumann "insisted on having won a lottery with respect to [her] first meeting" with the plaintiff.  *Id.*  He also contacted the defendant in February 2014 to provide advice for three jackpot possibilities.  *Id.*[4]  Apparently, the plaintiff then "went on explaining (my way about the) lottery predictions about the run of Mega Millions to 04-04-14 at trying for 02-07-14, and Powerball 02-15-14 and 02-19-14."  *Id.*  The plaintiff concludes the factual allegation portion of his complaint by asking:  "Did she win [the] lottery?"  *Id.*

The plaintiff claims that he was injured in the nature of pain and suffering, "lost time," and conspiracy.  *Id.* at 4.  With regard to damages, the plaintiff wants "whatever money she won,

---

[2] The plaintiff used a form complaint in this case.
[3] For example, after referencing an alleged discussion with someone about the lottery, the plaintiff states "[w]hereas a sense of what is vague gets in [] the mind per the unwitting."  Compl. at 3.
[4] At this point in the complaint, the plaintiff mentions that he "thought to have telephoned Craig Berrier . . . and the International Court of Justice as for the sake of evidence, Mrs. Baumann sounded happy to hear from me."  Compl. at 3.  Similar to many other allegations in the complaint, the court cannot interpret what the plaintiff is attempting to state here.

[and] all respective interest." *Id.* (emphasis added).  The plaintiff appears to seek $295,800,000, plus an additional $4,200,000 (which appears to cover the amount "to sue"), for a total of $300,000,000 in damages.  *Id.*

It appears that the Clerk of Court's office issued summons to the plaintiff on June 2, 2014.  *See* 5-29-14 Unnumbered Docket Entry After Doc. No. 1 (showing issuance to plaintiff on June 2, 2014).  This was the last activity in the case as reflected on the docket.

## II.    DISCUSSION

Although there appear to be significant issues with the merits of the claims in the complaint insofar as the plaintiff is attempting to collect money resulting from a lottery that the defendant may or, most likely, may not have won, the court will not address those issues at this point.[5]  Instead, there are two preliminary issues requiring resolution:  First, it does not appear that the court has subject-matter jurisdiction over this action.  Second, it does not appear that the plaintiff has properly effected service of the complaint and summons as required by Rule 4(m) of the Federal Rules of Civil Procedure.

With regard to subject-matter jurisdiction, the party asserting federal jurisdiction "bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).  Although the only document of record so far is the complaint, the court is obliged to address issues of subject-matter jurisdiction *sua sponte*.  *See Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia*, 657 F.2d 29, 36 (3d Cir. 1981) ("A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits.").  If the court lacks subject-matter jurisdiction, the court <u>must</u> dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court

---

[5] Additionally, the court cannot discern why the plaintiff is suing the defendant business when all of his allegations appear to pertain to Mrs. Baumann, presumably the proprietor of the business.

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As indicated above, the plaintiff indicates that the court has federal-question jurisdiction over this case under 28 U.S.C. § 1331.  *See* Compl. at 2.  In support of this allegation, the plaintiff claims that the following constitutional, statutory, or treaty rights are at issue: "Embezzlement, Theft of Service, Identity Theft, [and] Conspiracy to defraud."  *Id.*  With these allegations, the plaintiff has failed to sustain his burden to show that jurisdiction is proper here.

The federal-question jurisdiction statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "For a claim to arise under the Constitution, laws or treaties of the United States, a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's claim."  *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 939 F. Supp. 398, 399 (E.D. Pa. 1996) (citation omitted).  "Furthermore, the cause of action must be created by the federal law or the vindication of a right under state law must turn upon the construction of that federal law."  *Id.* (citation omitted).

Despite the plaintiff's general references the court having federal-question jurisdiction and his assertion that his supposed federal rights against embezzlement, theft of service, identity theft, and conspiracy are at issue, the complaint does not identify what, if any, federal constitutional, statutory, or treaty rights, are essential elements of his claims.  Therefore, the plaintiff has not properly pleaded the basis for this court's subject-matter jurisdiction over this action under 28 U.S.C. § 1331.

Concerning the plaintiff's apparent failure to timely serve the complaint, he filed the complaint on May 29, 2014.  The plaintiff had 120 days from the filing of that complaint, *i.e.*

September 26, 2014, to serve the summons and the complaint upon the defendant.  *See* Fed. R. Civ. P. 4(c)(1) (requiring plaintiff to serve summons with copy of complaint); Fed. R. Civ. P. 4(m) (requiring plaintiff to serve defendant with process "within 120 days after the complaint is filed").  The plaintiff has not filed any proof of service indicating that he has effected service of the summons and the complaint in this matter.  *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.").  Accordingly, to date, the plaintiff has not complied with Rule 4(m) by virtue of his failure to serve the summons and the complaint on the defendant and file the appropriate proof of service with the court.

### III.    CONCLUSION

For the reasons set forth above, it appears that the court lacks subject-matter jurisdiction over this action.  Nonetheless, the court recognizes that when addressing the issue of subject-matter jurisdiction *sua sponte*, courts should ordinarily give the plaintiff "notice and an opportunity to respond." *Schneller ex rel. Schneller v. Fox Subacute at Clara Burke*, 317 F. App'x 135, 138 (3d Cir. 2008) (citations omitted).  Therefore, despite the court's apparent lack of subject-matter jurisdiction over this case, the court will provide the plaintiff with a period of twenty-one (21) days to file a written response in which he shows how the court has subject-matter jurisdiction over this case.

In addition, to the extent that the plaintiff can show that the court has subject-matter jurisdiction over this matter, he has still not complied with Rule 4(m) by serving the summons and the complaint upon the defendant within 120 days of the filing of the complaint.  Per the mandates of Rule 4(m), the court will dismiss this action without prejudice for the plaintiff's failure to properly effect service of the summons and the complaint unless the plaintiff provides a written response in twenty-one (21) days establishing (1) he effected service of process within

the 120-day period, or (2) good cause for the failure to effect timely service.  *See* Fed. R. Civ. P.

4(m) (mandating dismissal of action against defendant not timely served within 120 days unless

plaintiff shows good cause for failure to serve).

An appropriate order follows.

BY THE COURT:


*/s/ Edward G. Smith*
EDWARD G. SMITH, J.